UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Civil Action No. 1:23-cv-756 (TJM/CFH) |
| | ) | |
| Plaintiff. | ) | |
| v. | ) | |
| | ) | |
| $77,400.00 in U.S. Currency, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America (the "Plaintiff") brings this verified complaint for forfeiture *in rem* against the above-captioned property (the "Defendant Currency") and alleges as follows:

### NATURE OF THE ACTION

This is an action *in rem* brought pursuant to Title 21, United States Code, Section 881(a)(6) and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. Forfeiture is sought of the Defendant Currency as proceeds traceable to violations of Title 21, United States Code, Sections 841 and 846. Section 881(a)(6) provides for the forfeiture of the following:

> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this title, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this title.

21 U.S.C.S. § 881(a)(6).

### THE PARTIES

1. The Plaintiff is the United States of America.

2. The Defendant Currency is $77,400.00 in U.S. Currency.

3.      The Defendant Currency is presently in the custody of the United States of America.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1345 and 1355.  Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345.  Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress."  28 U.S.C. § 1355(a).

5.      This Court has *in rem* jurisdiction over the Defendant Currency and venue is properly situated in this district pursuant to Title 28, United States Code, Section 1355(b), which provides that a forfeiture action or proceeding "may be brought in…the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred."  28 U.S.C. § 1355(b)(1)(A).

6.      Venue is also properly situated in this district pursuant to Title 28, United States Code, Section 1395(b), which provides that "[a] civil proceeding for forfeiture of property may be prosecuted in any district where such property is found."  28 U.S.C. § 1395(b).

## FACTS

7.      On January 20, 2023, the Albany County Sheriff's Office transmitted an alert for a white Jeep with black wheels bearing New York registration KXU9901 (the "Jeep").

8.      Moments prior, the Jeep had been identified as involved in a menacing road rage incident potentially involving a firearm.

9. After the alert issued, the Jeep was observed by two Albany County deputies traveling eastbound on Washington Avenue in the vicinity of Pine Street in the City of Albany.

10. As deputies approached the Jeep, it abruptly turned onto Broadway and accelerated at a high speed without regard for oncoming traffic.

11. The deputies activated their emergency lights and siren to try and stop the Jeep, but the driver continued to speed ahead, northbound on I-787, driving at speeds exceeding 130 mph.

12. While fleeing from law enforcement, the Jeep struck a white Mercedes Benz also travelling northbound on I-787 North.

13. The collision, which occurred near Exit 5 on I-787 North, caused the front right tire of the Jeep to flatten.

14. The Jeep exited I-787 North at Exit 6 in the village of Menands.

15. As they approached this exit, law enforcement observed one of the Jeep's tires lying in the roadway and saw the Jeep parked immediately south of the exit ramp.

16. The driver of the Jeep, later identified as Anthony Zaremski ("Zaremski"), was seen fleeing on foot.

17. Law enforcement engaged in a foot chase of Zaremski and took him into custody.

18. The Jeep was found unoccupied.

19. During a search of the area where the foot chase occurred, a deputy located a black bag.

20. The currency found in the bag was bundled up with small rubber bands in nine separate bundles.

21. Loose currency was also found on Zaremski's person.

22. The Defendant Currency is comprised of both the currency found bundled in the black bag and the loose currency found on Zaremski.

23. Zaremski told deputies that there was $50,000.00 U.S. currency in the bag and on his person.

24. However, after an official count, it was determined that the Defendant Currency consisted of $74,740 in U.S. currency in the bag and $2,660.00 in U.S. currency on Zaremski's person.

25. Zaremski was known to law enforcement at the time of the seizure of the Defendant Currency as he was facing narcotics charges in Albany County Court and was the target of a Drug Enforcement Administration ("DEA") investigation into a Drug Trafficking Organization ("DTO") operating in Albany County.

26. The DTO is under investigation for trafficking in marijuana, cocaine, and fake counterfeit Oxycodone M-30-stamped pills containing fentanyl in the Schenectady area.

27. The Jeep belongs to Jabree Jones, who is believed to be a participant and co-conspirator in the DTO.

28. Law enforcement observed Jabree Jones driving the Jeep on numerous occasions, and has been observed with Zaremski.

29. Search warrants obtained by Albany Police Department show Zaremski engaged in electronic conversations about the sale of narcotics. These conversations included photographs of narcotics, including suspected fake fentanyl pills.

30. Zaremski had no known legitimate source of employment.

31. The Defendant Currency was seized by the DEA and processed for administrative forfeiture.

32. Zaremski filed a claim to the Defendant Currency on April 4, 2023.

33. On May 23, 2023, law enforcement executed of a federal search warrant at Zaremski's residence in Clifton Park, New York in connection with the investigation into the narcotic distribution activities of the DTO.

34. Shortly after law enforcement entered the residence in Clifton Park, New York, Zaremski fired several rounds in the direction of the members of law enforcement executing the warrant. Two SCSO deputies were struck and injured. Law enforcement returned fire and Zaremski was subsequently discovered shot in the bedroom. Zaremski was later pronounced dead at a local hospital.

35. When law enforcement searched the residence, law enforcement found quantities of marihuana, four balloon tie offs containing suspected heroin/fentanyl, thirty packets of the drug Suboxone, digital scales with suspected drug residue, small rubber bands/packaging material consistent with the packaging of narcotics, and $93,530.59 in U.S. currency.

36. Based on the above information, it can be concluded that the Defendant Currency consists of proceeds traceable to offenses in violation of Title 21, United States Code, Sections 841 and 846.

## CONCLUSION

37. The facts set forth above support a reasonable belief that the government will be able to meet its burden of proof at trial.

WHEREFORE, pursuant to Supplemental Rule G, the Plaintiff, the United States of America, respectfully requests that the Court:

(1) Issue a Warrant of Arrest *in Rem*, in the form submitted with this Complaint;

(2) Direct any person having any claim to the Defendant Currency to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G;

(3) Enter judgment declaring the Defendant Currency to be forfeited and condemned to the use and benefit of the United States; and

(4) Award such other and further relief to the United States as it deems proper and just.

Dated: June 22, 2023

CARLA B. FREEDMAN
United States Attorney

By: */s/ Elizabeth A. Conger*
Elizabeth A. Conger
Assistant United States Attorney
Bar Roll No. 520872

## VERIFICATION

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF ALBANY   )

Christopher S. Kopec, being duly sworn, deposes and states:

I am a Task Force Officer with the United States Drug Enforcement Administration (DEA). I have read the foregoing Complaint for Forfeiture *in Rem* and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated this 22 day of June 2023.

_____
Christopher S. Kopec, Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me this 22 day of June, 2023.

Verified NY DL for
Christopher S Kopec
at the Latham Key Bank
Branch.

_____
Notary Public

TANDRA DHAR
Notary Public, State of New York
Qualified in Albany County
Reg. No. 01DH6121007
My Commission Expires 1/3/2025